```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA      )
                              )
        V.                    )  CRIMINAL NO. 04-10021-PBS
                              )
ELLSWORTH ROSTON              )
```

**MOTION TO UNSEAL GOVERNMENT'S EX PARTE MOTIONS**

Defendant, Ellsworth Roston, hereby moves that this Court unseal the ex parte motions filed by the government and allowed by the Court on March 2, 2005, or, in the alternative, order the government to provide copies to undersigned counsel. As grounds for this motion, defendant states as follows.

Defendant was scheduled to be sentenced on March 8, 2005. Less than a week before the sentencing date, the government filed an ex parte motion under seal, along with an ex parte motion to seal. Both were allowed on March 2. On the same day, the sentencing hearing was rescheduled, without explanation, to April 25, 2005. It appears, therefore, that the ex parte motions had something to do with Mr. Roston's sentencing hearing.

Consideration of ex parte motions relating to Mr. Roston's sentencing makes it impossible for him to receive effective assistance of counsel at his sentencing, a critical stage of the proceedings, and denies him due process. See Haller v. Robbins, 409 F.2d 857 (1st Cir. 1969) (vacating denial of habeas petition where prosecutor communicated damaging information to sentencing judge ex parte, even though information was disclosed to defense

attorney at a later date, prior to sentencing).  See also United States v. Curran, 926 F.2d 59 (1st Cir. 1991) (remanding for re-sentencing before different judge where sentencing judge relied upon victims' letters that had not been disclosed to defendant).

 While undersigned counsel obviously does not know for a fact that the information provided ex parte would negatively influence the Court's sentencing determination, it is reasonable to infer that the ex parte submissions are not helpful to Mr. Roston. Without knowing what information has been provided to the Court, counsel cannot address that information in an effective manner. Cf. United States v. Acevedo-Ramos, 755 F.2d 203, 209 (1st Cir. 1985) (disapproving ex parte submissions in support of detention, especially where the substance of the information is unknown to the defendant), accord United States v. Abuhamra, 389 F.3d 309, 318-332 (2nd Cir. 2004) (remanding denial of request for post-trial release, where district court relied upon ex parte submission from the government); United States v. Nelson-Rodriguez, 319 F.3d 12, 62 (1st Cir. 2003) (holding that Fed. R. Crim. P. 32(b) bars ex parte contact between probation officer and parties during the two weeks before issuance of a final Presentence Report, and noting that "the parties should at least know what issues are on the table . . . so they can present counter-arguments if they desire.").

In <u>Abuhamra</u>, the Second Circuit examined at length the countervailing considerations of fairness to the defendant and safety of an informant. The Court noted:

> Even in the context of prison disciplinary proceedings, in which an inmate has no due process right to counsel or to confrontation, see <u>Wolff v. McDonnell</u>, 418 U.S. at 567-70, the proceedings are not open to the public, and hearing officers are accorded considerable discretion to review evidence <u>ex parte</u>, <u>id</u>. at 565-67, a prisoner may not be left in total ignorance of facts that may adversely affect his limited liberty interests simply because the government seeks to protect confidential sources. As this court recently observed, in such circumstances, due process requires that a prisoner be given specific factual notice of the charged misbehavior for which he faces discipline, a summary of the substance of any adverse evidence reviewed ex parte by the hearing officer, and a statement of reasons for the discipline imposed. See <u>Sira v. Morton</u>, 380 F.3d 57, 70, 74-76 (2d Cir. 2004) (citing <u>Wolff v. McDonnell</u>, 418 U.S. at 563-67, and <u>Taylor v. Rodriquez</u>, 238 F.3d 188, 193 (2d Cir. 2001)).

For these reasons, defendant respectfully requests that the <u>ex parte</u> motions by April 4, or three weeks before the sentencing date, so that undersigned counsel can prepare a response.

>                               ELLSWORTH ROSTON
>                               By his attorney:
>
>                               /s/Miriam Conrad
>
>                               MIRIAM CONRAD
>                               B.B.O. # 550223
>                               Federal Defender Office
>                               408 Atlantic Ave, 3rd Floor
>                               Boston, MA 02110
>                               Tel: 617-223-8061

March 28, 2005